DISTRICT OF OREGON
F I L E D
January 04, 2010
Clerk, U.S. Bankruptcy Court

Below is an Order of the Court.

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 09-40921 RLD |
|---|---|
| BLUE HERON PAPER COMPANY, | Chapter 11 |
| Debtor. | FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING |

This matter came on for hearing before the Court on the emergency motion (the "*Motion*") of the above-captioned debtor (the "*Debtor*") for interim and final orders (i) authorizing the nonconsensual use of cash collateral pursuant to Section 363(c)(2)(B) of Title 11 of the United States Code (the "*Bankruptcy Code*"), (ii) granting of adequate protection pursuant to Section 361 of the Bankruptcy Code, and (iii) scheduling a final hearing pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

Page 1   -   FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

The Court, having reviewed the Motion, and based upon the statements of counsel for the Debtor and Wells Fargo Bank, National Association ("**Wells Fargo**" or the "**Bank**"), finds that:

## FINDINGS

1. On December 31, 2009 (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and managing its business as debtor-in-possession pursuant to Bankruptcy Code §1107 and §1108.

2. This Court has jurisdiction over this Chapter 11 case (the "**Case**") and the Motion pursuant to 28 U.S.C. §157(b) and §1334. The Motion constitutes a core proceeding as defined in 28 U.S.C. §157(b)(2). Venue of this Case and the Motion in this Court are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor believes that, as of the Petition Date, it is indebted to Wells Fargo in the approximate amount of $14.54 million pursuant to the terms of that certain Credit and Security Agreement dated as of December 30, 2003, as amended through the Eleventh Amendment to Credit and Security Agreement dated June 23, 2009 (as so amended, the "**Existing Loan Documents**"). According to its records, Blue Heron's debt to the Bank consists of approximately $12.2 million of revolving credit advances (the "**Revolving Advances**") and approximately $2.325 million of unamortized principal under a machinery and equipment note (collectively, the "**Wells Fargo Debt**"), plus fees, costs and interest.

4. The Debtor believes that the Wells Fargo Debt is secured by (i) a first priority security interest in substantially all of Blue Heron's personal property (including its accounts receivable, inventory and equipment), *other than* the Energy Trust Equipment[1] and the Energy Trust Tax Credits, and (ii) and a first priority lien on the Mill Property ((i) and (ii), collectively, the "**Collateral**" and the security interests on the Collateral, collectively, the "**Pre-Petition Liens**").

---

[1] Capitalized terms defined in the Motion and not otherwise defined in this Order have the meanings given to them in the Motion.

Page 2 -   FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

5. The Debtor requires the use of the Collateral and the cash component and cash-equivalent proceeds of the Collateral (the "*Cash Collateral*") for the maintenance and preservation of the Debtor's property for the benefit of all creditors, for the operation of its business, and for payment of the expenses attendant thereto. Without the uninterrupted use of the Collateral and Cash Collateral, the Debtor will suffer immediate and irreparable harm.

6. The Debtor is unable to obtain adequate unsecured credit for business operations allowable under § 503(b)(1) of the Code as an administrative expense.

7. It is in the best interests of the Debtor and necessary for the preservation of the estate that the Debtor be authorized to use Cash Collateral in accordance with the terms and provisions of this Order.

8. Pursuant to Code section 363(c) and Bankruptcy Rule 4001, notice of the hearing to approve this Order has been given by facsimile to the 20 largest unsecured creditors in this case, to the Office of the U.S. Trustee and the ESOP trustee for the Debtor's equity security holders. No Creditors Committee has (yet) been appointed in the Chapter 11 case. Under the circumstances of this case, such notice and such opportunity for hearing is appropriate and sufficient and complies with the Bankruptcy Rules.

9. The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein for the use of cash collateral is necessary to avoid immediate and irreparable harm to the Debtor. The Bank has agreed to the use of cash collateral subject to and in accordance with the terms of this Order.

### **ORDER**

NOW, THEREFORE, based on the foregoing Findings, and the Court being otherwise duly advised, it is hereby

ORDERED as follows:

1. The Motion is granted on an interim basis, and the Debtor shall be and is hereby authorized to use Cash Collateral in accordance with the terms and provisions of this Order.

Page 3   -   FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

2. The Debtor may use Cash Collateral for the purposes set forth in the Budget attached to this Order as Exhibit A (the "**Budget**"). The Debtor shall not exceed total budgeted expenses provide for in the Budget by more than ten percent (10%) during any weekly period covered by this Order and shall not exceed ten percent (10%) of the total cumulative expenses for the period covered by this Order without the Bank's prior approval or further order of this Court. Approval of the line item expenses set forth in the Budget shall not be construed as authorization for the Debtor to accrue additional liabilities on credit. The Debtor will report to the Bank, the U.S. Trustee and any official creditors committee that may be formed Tuesday, January 12, 2010, and each Tuesday thereafter while this Order is in effect, regarding the status of all paid and incurred but unpaid costs, expenses, receivable collections, revenues and overhead expenses for the immediately prior week (each week consisting of results for Monday through Sunday), including a cumulative (from the Petition Date) analysis of the Budget, the Debtor's compliance with the Budget, and any prospective revisions to the Budget. The Debtor will also provide to the Bank on each such date a "daily collateral report" as of the close of business for the immediately preceding Sunday in the form currently provided by the Debtor to the Bank.

3. All funds, monies, cash and cash equivalents including, but not limited to, the Cash Collateral now or hereafter in the possession or control of the Debtor shall, promptly upon receipt of same by the Debtor, be deposited to the Debtor's Wells Fargo account no. ******1523 (the "**Cash Collateral Account**")[2] for disbursement to the Debtor by the Bank solely for use by the Debtor in accordance with the terms of this Order. Without limiting the generality of the foregoing, the Debtor shall fully account for the Cash Collateral proceeds of the Bank's Collateral as contemplated by the terms of this Order, the Existing Loan Documents and the documents relating thereto. All funds deposited in the Cash Collateral Account shall be presumed to be proceeds of the Collateral.

---

[2] Account number redacted. The Bank asserts that it is the legal owner of the Cash Collateral Account (as opposed to the items collected through the Cash Collateral Account).

Page 4 - FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

4. The Debtor agrees not to use, and has represented that it will not use, any of the funds allowed pursuant to this Order for any purpose not permitted by the Bankruptcy Code or by Court order. The Debtor acknowledges and admits that the Cash Collateral constitutes "cash collateral" of the Bank within the meaning of section 363(a) of the Code. Pursuant to sections 361 and 363(e) of the Code, the Bank is entitled to adequate protection of its interest in the Collateral in connection with the Debtor's use of the Cash Collateral.

5. The Bank may, but under no circumstances (either pursuant to this Order or the Existing Loan Documents) shall the Bank be obligated to, advance or make available to the Debtor credit or cash in excess of the Cash Collateral available pursuant to motion and order of the Court.

6. The Bank is authorized and directed to collect upon, convert to cash, and enforce checks, drafts, instruments, and other forms of payment now or hereafter coming into its possession or under its control and deposit the proceeds of the same in the Cash Collateral Account without any further authorization or direction by the Debtor or the Court.

7. As adequate protection and to secure the diminution in value of the Collateral and the Cash Collateral resulting from the Debtor's use of the Bank's Collateral and Cash Collateral, if any (the "**Diminution**"), the Bank is hereby granted a postpetition security interest in and lien (the "**Adequate Protection Lien**") upon all of the Debtor's real and personal property, including post-petition accounts receivable and inventory, *other than* avoidance actions under Chapter 5 of the Bankruptcy Code (collectively, the "**Postpetition Collateral**"). In furtherance and not limitation of the foregoing, the Adequate Protection Lien shall attach to all property and assets of the Debtor and its estate, of any kind or nature whatsoever, whether now owned or hereinafter acquired by any Debtor, and all products, proceeds, rents, issues or profits thereof that were either subject to the Prepetition Liens or acquired as a result of the Debtor's use and/or expenditure of Cash Collateral. Granting this security interest to the Bank is for the purpose of providing adequate protection to Lender to protect its allowed secured claim on the Petition Date and is not intended, nor shall it be deemed, to improve the collateral position of the Bank as of the Petition Date

Page 5 -   FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH
             COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION
             THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

8. The Adequate Protection Lien shall be in addition to all other security interests and liens securing the Bank's allowed secured claim in existence on the Petition Date. Additionally, nothing in this Order shall abridge or limit the Bank's security interest in proceeds, profits, fees, charges, accounts or other payments for the use or occupancy of the prepetition Collateral to the extent provided under sections 552(b)(1) and (b)(2) of the Bankruptcy Code.

9. To the extent Adequate Protection Lien proves to be inadequate as adequate protection for the Diminution, as further partial adequate protection, the Bank shall and hereby does hold an allowed administrative claim under section 503(b) of the Bankruptcy Code, which claim shall have priority over, and be senior to, all other administrative claims against the Debtor pursuant to section 507(b) of the Bankruptcy Code.

10. The Adequate Protection Lien =shall be valid and enforceable as of the Petition Date and shall continue to be at all times first and senior to all other interests and liens of every kind and nature, whether created consensually, by an order of any court, including this Court, or otherwise, including without limitation liens or interests granted in favor of any other person or entity pursuant to section 363, section 364 or any other section of the Code, provided that the Adequate Protection Lien shall not prime and shall be subject and subordinate to any prior, valid, perfected and enforceable liens or security interests. The granting of such security interest and liens shall be in addition to the Collateral, and nothing contained herein shall constitute a waiver of the Bank's rights and priority in the Collateral.

11. The Adequate Protection Lien shall be and hereby is declared to be valid, perfected and enforceable as of the date of this Order, without the need for execution, recordation or filing of any further document or instrument or the taking of any further act otherwise required under applicable non-bankruptcy law. To the extent necessary to permit the creation and perfection of the above-described liens and security interests, the automatic stay under section 362 of the Code is hereby modified.

12. As further adequate protection and to mitigate any diminution in the value of the Collateral and the Cash Collateral resulting from the Debtor's use of the Bank's Cash Collateral,

Page 6 - FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

Blue Heron shall make monthly interest payments on the Wells Fargo Debt at the non-default rate of interest applicable from time to time, calculated in accordance with the Existing Loan Documents, commencing on February 1, 2010.  The requirement that Blue Heron make monthly interest payments on the Wells Fargo Debt at the foregoing rate of interest is without prejudice to the Bank's right to claim the accrual of postpetition interest at any other rate the Bank may claim to be applicable.

13. The Debtor shall comply in all material respects with the covenants contained in the Existing Loan Documents relating to insurance, preservation and maintenance of the Bank's Collateral, the giving of notices and the maintenance of books and records.

14. The Debtor shall provide to representatives of the Bank reasonable access to the Debtor's premises and its books and records, and shall make its employees, officers and consultants available to consult with representatives of the Bank as the Bank may reasonably request from time to time.

15. Nothing contained herein shall constitute a waiver on the part of the Bank of any rights provided in section 507(b) of the Code.

16. The Debtor shall at all times keep the property in which the Bank has a security interest or lien free and clear of all liens, encumbrances, and security interests other than those in existence on the Petition Date, and shall pay and discharge when due and in accordance with the Budget all taxes, levies, and other charges arising or accruing from and after the Petition Date.

17. The Debtor shall maintain or cause to be maintained, insurance against loss, theft, destruction, and damage to property in which the Bank has an interest in accordance with the Existing Loan Documents.

18. Any notice, direction or instruction to the Debtor, or the Bank required or contemplated by this Order shall be in writing and delivered by hand, by first class mail, by telegram or telex, or by facsimile or electronic mail to the parties at their respective addresses, as follows:

Page 7 -  FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

<u>The Debtor</u>:

Mr. Michael A. Siebers
Blue Heron Paper Company
419 Main Street
Oregon City, OR 97045
Tel: (503) 650-4211
Fax: (503) 650-4521
Email: msiebers@blueheronpaper.com

(With a copy to the Debtor's undersigned counsel)

<u>The Bank</u>:

Wells Fargo National Association
Mr. Rodney S. Davis
Vice President, Relationship Manager
MAC P6101-144
1300 SW Fifth Avenue
Portland, OR 97201
Tel: (503) 886-2664
Fax: (503) 886-4312
Rodney.S.Davis@wellsfargo.com

(With a copy to the Bank's counsel)

Michael W. Fletcher, Esq.
Tonkon Torp LLP
888 SW Fifth Avenue
1600 Pioneer Tower
Portland OR 97204
Tel: (503) 802-2169
Fax: (503) 972-3869
michael.fletcher@tonkon.com

19.     This Order shall not prejudice the rights of the Bank to seek such additional relief as it may deem appropriate including, without limitation, the right to: (i) request additional adequate protection of the Collateral or the Cash Collateral or relief from the automatic stay; (ii) request conversion of the Case to a case under Chapter 7 of the Bankruptcy Code; (iii) request the appointment of a trustee or examiner; or (iv) request dismissal of the Debtor's Case for any reason.

Page 8  -  FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

20. The authority of the Debtor to use Cash Collateral and other Collateral hereunder shall terminate without any further order of this Court upon the earliest of the following ("**Termination Events**"): (i) the Debtor's failure to comply with the Budget, except as set forth in paragraph 2 hereof; (ii) the Debtor's failure to comply with any other term of this Order and the Debtor's failure to cure said act of non-compliance within 48 hours after notice by Bank to the Debtor; (iii) conversion of the Case to a case under Chapter 7 of the Bankruptcy Code; (iv) appointment of a Chapter 11 trustee; (v) after 5:00 p.m., PST, February 1, 2010; or (vi) entry of a subsequent or final order regarding the use of Cash Collateral.

21. The terms and provisions of this Order, including the priorities, liens, and security interests granted to the Bank hereunder shall be valid and enforceable. This Order shall also inure to the benefit of the Bank, the Debtor and their respective successors and assigns. The provisions of this Order and the Adequate Protection Lien, and any claim arising under section 507(b) of the Code, and any and all rights, remedies, privileges, interests and benefits in favor of the Bank provided or acknowledged in this Order, and any actions taken hereunder, shall survive entry of any other order, including without limitation any order that may be entered confirming any plan of liquidation or reorganization, converting the Case to any other chapter under the Code, or dismissing the Case, except as otherwise expressly agreed by the Bank or provided in an order of the Court approved by the Bank (and only with respect to prospective relief).

22. Notwithstanding (i) the issuance of any order or an act (a) that operates as a stay, modification, amendment, supplement, vacating, revocation or reversal of this Order, or (b) that is contrary to this Order, (ii) the failure to obtain a final order pursuant to Bankruptcy Rule 4001(c)(2), or (iii) the dismissal or conversion of the Case, then in each such case, the acts taken by the Bank in accordance with this Order (and any claim incurred under section 507(b) of the

Page 9 - FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

Code incurred prior to actual receipt by the Bank of notice of any such stay, modification, amendment, supplement, revocation or reversal of this Order) shall be governed in all respects by the original provisions of this Order and shall remain valid and in full force and effect.

23.     Except as provided herein, this Order is in addition to and without prejudice to the rights of the Bank and any other party in interest to pursue any and all rights and remedies under the Code, or any other applicable agreement or law, including without limitation rights to contest the sufficiency of the Adequate Protection Lien, or to seek different or additional adequate protection, to seek relief from the automatic stay, to seek an injunction, to oppose any request for the use of cash collateral or granting of any interest in the Collateral or priority in favor of any other party, to object to the sale of assets, and to object to applications for allowance and/or payment of compensation of professionals or other persons or entities seeking compensation or reimbursement from the Debtor.

24.     In the event of a conflict between the terms and provisions of the Motion and this Order, the terms and provisions of this Order shall control.

25.     The Debtor anticipates that it will be necessary for the Court to consider a subsequent request (the "***Final Hearing***") for continued use of Cash Collateral for the period following 5:00 p.m., PST, February 1, 2010.  Accordingly, the Final Hearing on the Debtor's anticipated continued use of Cash Collateral, and to address any necessary modification of the Budget and/or this Order, shall be conducted by the Court on February 1, 2010 at 10 a.m. at the United States Courthouse, 1001 Southwest Fifth Avenue, Suite 700, Courtroom #3, Portland, Oregon.

26.     Service of this Order (including the notice of the date, time and place of the Final Hearing and a copy of the proposed modification of the Budget and/or the Order) by the Debtor

Page 10 -   FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

upon (i) counsel for any officially appointed creditors committee, (ii) all parties that have filed requests for notice under Bankruptcy Rule 2002, (iii) the 20 largest unsecured creditors of the Debtor, (iv) counsel to the Bank, (v) the ESOP trustee for the Debtor's equity security holders, and (vi) the United States Trustee, by hand or electronic delivery or facsimile, in each case on or before January 8, 2010, shall constitute good and sufficient notice of the Final Hearing.

27.    Objections, if any, to the relief sought at the Final Hearing shall be in writing, shall be filed with the Clerk of the Bankruptcy Court, and the Office of the United States Trustee and shall be served upon the attorneys of record in this Case on or before 5:00 p.m. January 25, 2010.

# # #

Presented by:

STOEL RIVES LLP

By:        /s/ Brandy A. Sargent
    Brandy A. Sargent, OSB No. 045713

Proposed Attorneys for Debtor

cc: See attached service list

Page 11 -    FIRST INTERIM (AGREED) ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION IN CONNECTION THEREWITH; AND (III) SCHEDULING A FINAL HEARING

Seattle-3584926.6 0010534-00013

**Exhibit A**

| ($ 000s) | Confidential Draft Subject to Further Discussion and Review ||||||||||||| 
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Cash Collateral Budget - Weeks Ending ||||||||||||| 
| | 1/10/09 | 1/17/09 | 1/24/09 | 1/31/09 | 2/7/09 | 2/14/09 | 2/21/09 | 2/28/09 | 3/7/09 | 3/14/09 | 3/21/09 | 3/28/09 | 4/4/09 |
| | (a) | | | | | | | | | | | | |
| Cash Receipts, Net | $ 1,500 | $ 1,760 | $ 1,760 | $ 1,860 | $ 1,820 | $ 1,860 | $ 1,780 | $ 1,940 | $ 1,740 | $ 1,710 | $ 1,710 | $ 1,710 | $ 1,520 |
| Operating Expenses: | | | | | | | | | | | | | |
| Labor and Employee Benefits | 127 | 280 | 298 | 461 | 273 | 285 | 269 | 300 | 271 | 283 | 260 | 215 | 328 |
| Utilities (b) | 422 | 492 | 219 | 458 | 241 | 474 | 515 | 463 | 195 | 411 | 456 | 210 | 397 |
| Freight Out & Commissions | 156 | 78 | 156 | 78 | 150 | 150 | 150 | 150 | 132 | 132 | 132 | 132 | 135 |
| Raw Materials | 575 | 784 | 732 | 340 | 712 | 712 | 712 | 712 | 639 | 639 | 639 | 639 | 643 |
| Operating Supplies | 102 | 102 | 102 | 102 | 75 | 75 | 75 | 75 | 70 | 70 | 70 | 70 | 75 |
| Other Manufacturing Costs | 33 | 45 | 51 | 44 | 101 | 75 | 101 | 98 | 83 | 93 | 93 | 90 | 87 |
| General & Administrative | 68 | 53 | 40 | 40 | 55 | 43 | 55 | 42 | 40 | 53 | 53 | 40 | 40 |
| Other Operating Expenses | 45 | 49 | 50 | 94 | 45 | 179 | 45 | 209 | 45 | 49 | 45 | 50 | 204 |
| Total Operating Expenses | 1,528 | 1,883 | 1,648 | 1,617 | 1,652 | 1,993 | 1,922 | 2,049 | 1,475 | 1,730 | 1,748 | 1,446 | 1,909 |
| Interest Expense | 5 | - | - | 115 | - | - | - | 115 | - | - | - | - | 115 |
| Capital Expenditures | - | 16 | - | 17 | - | 16 | - | 17 | - | 16 | - | 17 | - |
| Total Cash Required | 1,533 | 1,899 | 1,648 | 1,749 | 1,652 | 2,009 | 1,922 | 2,180 | 1,475 | 1,746 | 1,748 | 1,463 | 2,023 |
| Increase (Decrease) in Cash | (33) | (139) | 112 | 111 | 168 | (149) | (142) | (240) | 265 | (36) | (38) | 247 | (503) |
| Beginning Cash | 745 | 713 | 574 | 686 | 797 | 965 | 816 | 675 | 435 | 700 | 664 | 626 | 873 |
| Ending Cash | $ 713 | $ 574 | $ 686 | $ 797 | $ 965 | $ 816 | $ 675 | $ 435 | $ 700 | $ 664 | $ 626 | $ 873 | $ 370 |

(a) No cash activity is expected January 1st through January 3rd 2010.
(b) Excludes one-time deposits that may be required by utilities

| | | |
|---|---|---|
| ASHLAND, INC<br>50 E RIVERCENTER BLVD<br>COVINGTON KY  41012-0391 | ASTEN JOHNSON, INC<br>P O BOX 751985<br>CHARLOTTE NC  28275 | CHEMTRADE PERFORMANCE CHEMICALS US LLC<br>155 GORDON BAKER RD, SUITE 300<br>TORONTO, ONTARIO M24-3N5<br>CANADA |
| COFFIN BUTTE LANDFILL<br>C/O VALLEY LANDFILLS INC<br>28972 COFFIN BUTTE ROAD<br>CORVALLIS, OR  97330 | DEMITRAKIKES TRUCKING INC<br>P O BOX 381<br>CANBY OR  97013 | ECP LP<br>9999 BOUL CAVENDISH<br>BUREAU 200<br>SAINT-LAURENT, QUEBEC H4N-2X5<br>CANADA |
| FMC CORPORATION<br>PO BOX 91334<br>CHICAGO IL  60693 | KEMIRA CHEMICALS INC<br>P O BOX 952365<br>ATLANTA GA  31192 | MARKET TRANSPORT LTD<br>110 N MARINE DRIVE<br>PORTLAND OR  97217 |
| METRO WASTE PAPER<br>   RECOVERY INC<br>66 SHORNCLIFFE ROAD<br>TORONTO ONTARIO M8Z 5K1<br>CANADA | NATIONAL STARCH LLC<br>6823 PAYSPHERE CIRCLE<br>CHICAGO IL  60674 | NATIONWIDE MAGAZINE RECYCLING INC<br>PO BOX 170427<br>IRVING TX  75017 |
| PACIFIC FIBRE PRODUCTS INC<br>PO BOX 278<br>LONGVIEW WA  98632 | PERSECO<br>3075 HIGHLAND PARKWAY<br>SUITE 200<br>DOWNERS GROVE IL  60515 | RLT INCORPORATED<br>P O BOX 492110<br>REDDING CA  96049 |
| RECYCLE AMERICA ALLIANCE<br>P O BOX 73356<br>CHICAGO IL  60673 | UNION PACIFIC RAILROAD<br>P O BOX 843465<br>DALLAS TX  75284 | UNIVAR USA INC<br>P.O. BOX 34325<br>SEATTLE, WA  98124 |
| WEAVEXX CORPORATION<br>24446 NETWORK PLACE<br>CHICAGO IL  60673 | WEYERHAEUSER COMPANY<br>P O BOX 843568<br>DALLAS TX  75284 | Wells Fargo National Association<br>Mr. Rodney S. Davis<br>Vice President, Relationship Manager<br>MAC P6101-144<br>1300 SW Fifth Avenue<br>Portland, OR  97201 |
| Michael W. Fletcher, Esq.<br>Tonkon Torp LLP<br>888 SW Fifth Avenue<br>1600 Pioneer Tower<br>Portland OR  97204 | AT&T MOBILITY LLC<br>THE CORPORATION TRUST COMPANY REGISTERED AGENT<br>CORPORATION TRUST COMPANY<br>1209 ORANGE STREET<br>WILMINGTON, DE 19801 | AT&T MOBILITY LLC<br>CT CORPORATION SYSTEM REGISTERED AGENT<br>388 STATE ST., STE. 420<br>SALEM, OR 97301 |
| AT& T MOBILITY LLC<br>CT CORPORATION SYSTEM<br>208 S. LASALLE ST., STE. 814<br>CHICAGO, IL 60604 | WATER DEPT. - OREGON CITY ATTN: LARRY PATTERSON<br>CITY MANAGER FOR OREGON CITY<br>PO BOX 3040<br>OREGON CITY, OR 97045 | NORTHWEST NATURAL GAS COMPANY<br>C/O MARDILYN SAATHOFF REGISTERED AGENT<br>220 NW 2ND AVE.<br>PORTLAND, OR 97029 |
| WGPC HOLDINGS LLC<br>ATTN: THE CORPORATION TRUST COMPANY REGISTERED AGENT<br>CORPORATION TRUST CENTER<br>1209 ORANGE STREET<br>WILMINGTON, DE 19801 | NORTHWEST PIPELINE GP<br>ATTN: THE CORPORATION TRUST COMPANY REGISTERED AGENT<br>CORPORATION TRUST CENTER<br>1209 ORANGE STREET<br>WILMINGTON, DE 19801 | NORTHWEST PIPELINE GP<br>ATTN: DONALD R. CHAPPEL<br>ONE WILLIAMS CENTER STE. 4700<br>TULSA, OK 74172 |

| | | |
|---|---|---|
| NORTHWEST PIPELINE GP ATTN: WGPC HOLDINGS LLC CT CORPORATION SYSTEM<br>388 STATE ST., STE. 420<br>SALEM, OR 97301 | NORTHWEST PIPELINE GP ATTN: WILLIAMS PIPELINE PARTNERS HOLDING LLC CT CORPORATION SYSTEM<br>388 STATE ST., STE. 420<br>SALEM, OR 97301 | PORTLAND GENERAL ELECTRIC C/O DAVID A. AAMODT REGISTERED AGENT<br>121 SW SALMON ST., STE. 1300<br>MAIL STOP 1 WTC1301<br>PORTLAND, OR 97204 |
| QWEST COMMUNICATIONS CO., LLC C/O CT CORPORATION SYSTEM REGISTERED AGENT<br>1801 WEST BAY DR., NW STE. 206<br>OLYMPIA, WA 98502 | QWEST COMMUNICATIONS CO., LLC C/O CT CORPORATION SYSTEM REGISTERED AGENT<br>388 STATE ST. STE. 420<br>SALEM, OR 97301 | UNITED ENERGY TRADING, LLC LOREN R. KOPSENG REGISTERED AGENT<br>919 S 7TH ST., STE. 405<br>BISMARCK, ND 58504-5835 |
| SEMPRA ENERGY SOLUTIONS LLC ATTN: NATIONAL REGISTERED AGENTS, INC.<br>3533 FAIRVIEW INDUSTRIAL DR. SE<br>SALEM, OR 97302 | | |