Brandy A. Sargent, OSB No. 045713
David B. Levant, *admitted pro hac vice*
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
basargent@stoel.com
dblevant@stoel.com

Robert J Vanden Bos, OSB No. 78100
Vanden Bos & Chapman, LLP
319 S.W. Washington, Suite 520
Portland, OR 97204
Telephone: (503) 241-4869
Facsimile: (503) 241-3731
bob@vbcattorneys.com

ATTORNEYS FOR DEBTOR

UNITED STATES COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>BLUE HERON PAPER COMPANY,<br><br>Debtor.[1] | Case No. 09-40921-RLD11<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO MODIFY PLAN OF REORGANIZATION** |

Blue Heron Paper Company (the "***Debtor***" or "***Blue Heron***") hereby moves for entry of an order pursuant to 11 U.S.C. § 1127(a) and LBR 3019-1 approving certain nonmaterial modifications to its proposed Second Amended Plan of Reorganization Dated January 11, 2011 (the "***Second Amended Plan***") and finding that no additional solicitation of the modified plan is required.  The proposed modifications are reflected in the comparison document attached as

---

[1] The Debtor's business address is 419 Main Street, Oregon City, OR 97045.  Its taxpayer identification number is xx-xxx3801.

Page 1   -   **DEBTOR'S MOTION TO MODIFY PLAN OF REORGANIZATION**

Exhibit A (the "***Proposed Modifications***") and the proposed Third Amended Plan of Reorganization Dated March 1, 2011 is attached hereto as Exhibit B (the "***Modified Plan***").

## BACKGROUND

On January 12, 2011 Blue Heron filed its Second Amended Plan and related Second Amended Disclosure Statement with Respect to Second Amended Plan of Reorganization Dated January 11, 2011 (the "***Disclosure Statement***").  The next day the Court entered an Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan; and Notice of Confirmation Hearing (the "***Disclosure Statement Order***") with respect to the Second Amended Plan and the Disclosure Statement.  On or about January 14, 2011 Blue Heron served the Second Amended Plan and Disclosure Statement, together with ballots for voting thereon, in accordance with the Disclosure Statement Order.

Creditors have voted overwhelmingly to approve the Second Amended Plan, and the Debtor believes that Wells Fargo Bank, N.A. ("***Wells Fargo***" or the "***Bank***") is the only party with a continuing objection to confirmation of the Second Amended Plan.  A hearing on confirmation of the Second Amended Plan is scheduled for 9:00 a.m. on February 28, 2011.

At this time Blue Heron perceives that five sets of nonmaterial modifications to the Second Amended Plan are appropriate:

**I.      Removal of Operating Reorganization Alternative.**

The Second Amended Plan provided for two alternative forms of reorganization:  an operating reorganization, in which Blue Heron would continue its manufacturing operations into the future and pay its creditors with future profits and any appreciation in the value of its assets (an "***Operating Reorganization***"), and an orderly liquidation reorganization, in which the Debtor would attempt to maximize the present liquidation value of its assets for creditors' benefit through a controlled liquidation process (an "***Orderly Liquidation Reorganization***").  The Second Amended Plan provided for Blue Heron to  pursue an Operating Reorganization if it were able to meet certain "Minimum Liquidity Conditions," but to implement an Orderly Liquidation Reorganization if it failed to satisfy the Minimum Liquidity Conditions by July 1, 2011—or sooner if Blue Heron determined that it did not have a realistic prospect of implementing an Operating Reorganization.

At this time, primarily as a result of material unanticipated increases in fibre prices, Blue Heron has determined that it cannot reasonably hope to satisfy the conditions to an Operating Reorganization.  Accordingly, Blue Heron proposes to make the Plan Modifications so as to provide exclusively for an Orderly Liquidation Reorganization.

Page 2   -   **DEBTOR'S MOTION TO MODIFY PLAN OF REORGANIZATION**

**II.    Modifications to Address Bank's Opposition to the Plan.**

The Second Amended Plan was the product of a settlement (the "***Settlement***") among Blue Heron, its Official Unsecured Creditors Committee (the "***Creditors Committee***") and Wells Fargo that is the subject of a pending dispute before this Court.

Blue Heron and the Creditors Committee believe that the Settlement constitutes a valid and binding agreement, which among other things requires the Bank to act in good faith to approve certain details concerning the Orderly Liquidation Reorganization, including an "Orderly Liquidation Plan" and related budget and the terms of certain Employment Agreements (collectively, the "***Open Terms***").

Debtor and the Creditors Committee believe the Bank simply has a case of "buyer's remorse" and is attempting to bootstrap its willful refusal to resolve the Open Terms into an excuse for not being bound by the Settlement. Wells Fargo asserts exactly the opposite, claiming that the parties did not reach a binding agreement, or if they did, that the Bank is excused from performing in accordance with the terms of the Settlement because of the Open Terms, among other things. ***Either way***—whether the Court finds the Settlement to be binding on the Bank, or if the Bank prevails and Blue Heron relies on Section 1129(b) to confirm the Modified Plan—the Second Amended Plan needs to be revised in certain respects to resolve the Open Terms.

**III.   Settlement with the Retirees Committee.**

The Second Amended Plan needs to be modified to reflect the terms of a settlement between the Debtor and the Official Committee of Retirees of Blue Heron (the "***Retirees Committee***"), pursuant to which the Retirees Committee will withdraw its Objection to Confirmation of Chapter 11 Plan.

**IV.    Changes to Address Comments from the U.S. Trustee.**

Blue Heron has agreed to make certain minor changes to the Second Amended Plan at the request of the U.S. Trustee (and in reliance upon which the U.S. Trustee has not filed any objection to Second Amended Plan).

**V.     Certain Liquidation-Related Matters.**

Finally, as a result of the Debtor's greater focus on the details of Orderly Liquidation Reorganization, Blue Heron proposes to provide expressly in the Modified Plan for certain ministerial liquidation-related matters, such as the resignation of the members of its Board of Directors, the dissolution and winding-up of the Reorganized Debtor, and the termination Blue Heron's employee stock ownership plan and deferred compensation plans.

**RELIEF REQUESTED AND SUPPORT THEREFOR**

1.      Blue Heron respectfully requests that the Court confirm the Modified Plan, rather than the Second Amended Plan, and in connection therewith determine that the Plan Modifications are not material and that no new vote solicitation is required.

2.      Section 1127 of the Bankruptcy Code provides in pertinent part that:

> (a)     The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of section 1122 and 1123 of this title.  After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.
>
> (c)     The proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified.
>
> (d)     Any holder of a claim or interest that has accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as modified, unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection.

3.      Blue Heron submits that each of the Proposed Modifications is warranted under the circumstances of this case and that they comply with the requirements of Section 1127(a). None of the Proposed Modifications implicates Section 1122 of the Code, insofar as Wells Fargo has always been in its own class, the settlement with the Retirees Committee relates to unclassified claims under Section 1129(a)(13), and the Proposed Modifications not directly relating to the Bank and the Retirees Committee are administrative in nature.  Nor do any of the Proposed Modifications affect Blue Heron's satisfaction of the requirements of Section 1123 of the Code.

4.      The Debtor further submits that, for purposes of Section 1127(c) and (d),  no additional disclosure of the Proposed Modifications or solicitation of acceptances or rejections of the Modified Plan is necessary to comply with Sections 1125 and 1126 of the Code.  Consider each of the Proposed Modifications:

**I.      Removal of Operating Reorganization Alternative.**

The removal of moot language from the Plan merely assists all parties in reading and applying the Plan without the nuisance and potential confusion of useless terms.  These changes are not intended to and should not have any effect on the substance of the operative plan terms and thus should not have changed how any creditor or party in interest would vote on the Second Amended Plan.  *See In re T-H New Orleans Ltd. P'ship,* 188 B.R. 799, 808-09 (E.D. La. 1995) (notice of plan modifications during confirmation hearing is sufficient where the modifications are inconsequential).

Page 4   -   **DEBTOR'S MOTION TO MODIFY PLAN OF REORGANIZATION**

**II.  Modifications to Address Bank's Opposition to the Plan.**

As discussed in detail in Debtor's Reply to Wells Fargo's Precautionary Objection to Confirmation of Plan, Blue Heron believes that it, the Creditors Committee and the Bank have already reached agreement on all of the material terms of the Orderly Liquidation Reorganization, and that the Open Terms are, in the context of the Modified Plan, not material.

In addition, to the extent the Modified Plan deprives the Bank of unilateral power to approve or disapprove various matters in the future, such Proposed Modifications are intended to enforce the Settlement and, to that extent, are intended to maintain the integrity of the plan terms agreed to in the Settlement, not change them.  Alternatively, if the Proposed Modifications are not mandated by the Settlement, then they are nonetheless appropriate and permitted pursuant to 11 U.S.C. Section 1127(a) as necessary to implement the Debtor's proposed Modified Plan despite the Bank's objections.

The Proposed Modifications do not adversely affect any party other than Wells Fargo, and therefore should be found to be immaterial (or beneficial) to all other creditors and parties in interest.  Because Wells Fargo has objected to confirmation of the Plan, it cannot assert that the Proposed Modifications affected the validity of its vote with respect to the Second Amended Plan.  *See In re Sherwood Square Assoc.,* 87 B.R. 388, 390 (Bankr. D. Md. 1988) (changes to plan that affect only fully involved creditor and do not adversely impact any other creditor do not require resolicitation).

**III.  Settlement with the Retirees Committee.**

The Second Amended Plan provided for certain "Modified Retiree Health Benefits" in the case of an Operating Reorganization, but not in the event of an Orderly Liquidation Reorganization.  *See* Second Amended Plan § 1.02 (definition of "Modified Retiree Health Benefits"), § 6.05(c), *and* §§ 8.01 & 8.02 (conditions to confirmation of an Orderly Liquidation Reorganization versus an Operating Reorganization).  Accordingly, the settlement with the Retirees Committee will confer a benefit on all other creditors and parties in interest by substantially reducing the cost of the health benefits that might otherwise have been required to be paid under Section 1129(a)(13) of the Bankruptcy Code.  Because this benefits all parties in interest, it should not change how any accepting creditor would have voted on the Second Amended Plan.

**IV.  Changes to Address Comments from the U.S. Trustee.**

The Proposed Modifications being made to address the U.S. Trustee's comments are very limited in scope and clearly not material.  All that such modifications do is provide additional, more detailed information about the management of Reorganized Blue Heron and address more specifically the Reorganized Debtor's obligations with respect to post-Effective Date payment of fees and reporting to the Office of the U.S. Trustee.

**V.  Liquidation-Related Matters.**

The Proposed Modifications in this category merely specify what most creditors would already assume:  that the Reorganized Debtor will dissolve, its directors resign and the Debtor's Employee Stock Ownership Plan and related Supplemental Plans will be terminated.  These changes primarily affect Interest Holders, who should not care about the Proposed Modifications because the Debtor's orderly liquidation analysis has always shown that equity interests would be far "out of the money" in the event of an Orderly Liquidation on the Effective Date.  *See* Exh. 3 to Disclosure Statement at 2.

5. Under the Bankruptcy Code, the Court can deem a claim or interest holder's vote for a plan as a corresponding vote in relation to a modified plan unless the modification materially and adversely changes the way the claim or interest holder is treated under the plan. *Enron Corp. v. The New Power Co. (In re The New Power Co.),* 438 F.3d 1113, 1117-18 (11th Cir. 2006). The only creditor or interest holder that is arguably materially and adversely affected by the Proposed Modifications is Wells Fargo, which will be actively participating in the confirmation hearing and does not need an opportunity to change its vote on (*i.e.,* objection to) the Second Amended Plan.

6. Finally, in considering approval of the Proposed Modifications, the Court should note that, in Section 13.03 of the Second Amended Plan, Blue Heron reserved the right to modify the Second Amended Plan in accordance with the terms of the Bankruptcy Code either before or after the entry of a confirmation order. Section 13.03 further provides that the Court may "amend or modify this Plan . . . or remedy any defect or omission or reconcile any inconsistency in this Plan, as may be necessary to carry out the purpose and intent of this Plan."[2]

### NOTICE

7. Notice of this Motion will be served on all parties receiving electronic notices in this case and will also be delivered by email immediately after filing hereon to each of the attorneys for Wells Fargo, the Retirees Committee, the U.S. Trustee and the Creditors Committee. Additional copies of this Motion will be hand-delivered to any other parties appearing at the confirmation hearing. Blue Heron submits that, under the circumstances, no other or further notice is required.

---

[2] The quoted terms relate specifically to modifications made under Section 1127(b) of the Code *after* the entry of a Confirmation Order, but there is no reason why a Creditor or Interest Holder voting on the Second Amended Plan would care whether any of the Proposed Modifications were made before instead of after entry of the Confirmation Order. Either way, Section 13.03 put all parties on notice that the Court could approve changes to the Plan to remedy defects and omissions in the Plan, as necessary to carry out its purpose and intent.

Page 6  -  **DEBTOR'S MOTION TO MODIFY PLAN OF REORGANIZATION**

WHEREFORE, Blue Heron respectfully requests that the Court (a) approve the Modified Plan as the Debtor's plan for purposes of the confirmation hearing, (b) find that no additional solicitation of the Modified Plan is required, and (c) confirm the Modified Plan at the confirmation hearing.

DATED: February 27, 2011.

STOEL RIVES LLP

/s/ Brandy A. Sargent
Brandy A. Sargent, OSB No. 045713
David B. Levant, *admitted pro hac vice*
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
basargent@stoel.com
dblevant@stoel.com
Attorneys for Debtor

Page 7   -   **DEBTOR'S MOTION TO MODIFY PLAN OF REORGANIZATION**